| | |
|---|---|
| STATE OF NORTH CAROLINA<br>COUNTY OF WAKE | IN THE GENERAL COURT OF JUSTICE<br>SUPERIOR COURT DIVISION |

MALACHI JOSHUA BAILEY,　　　　　　)
JOSHUA RICHARD BAILEY, AND　　　　)
DEEZIRE LOVE NICOLE FIELDS,　　　　)
**Plaintiff(s)**　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　vs.　　　　　　　　　　　　　　　　　 )　　**COMPLAINT FOR DECLARATORY**
　　　　　　　　　　　　　　　　　　　　　　)　　　　　　　　　　**AND**
WAKE COUNTY　　　　　　　　　　　　　)　　　　**INJUNCTIVE RELIEF**
BOARD OF EDUCATION,　　　　　　　　　)
JAMES OVERMAN, Southeastern Area　　　)
Superintendent of Wake County Schools,　　)
WAKE COUNTY SMART START,　　　　　 )
DR. JULIE MALCOLM, AND　　　　　　　　)
BRIAN HAREWOOD　　　　　　　　　　　)
**Defendant(s)**.　　　　　　　　　　　　　　)
_____)

　　　　**COMES NOW**, Malachi Joshua Bailey, Joshua Richard Bailey, and Deezire Love Nicole Fields (collectively the "**Plaintiffs**"), by their undersigned attorney, Lakina S. Bailey, complaining of the Wake County Board of Education, Wake County Smart Start, Dr. Julie Malcolm, Brian Harewood, and James Overman (collectively the "**Defendants**"), respectfully show to the Court and allege:

## JURISDICTION AND VENUE

1.　　　The Plaintiffs are all citizens and residents of Wake County, North Carolina.

2.　　　The Wake County School Board is a governmental entity of the State of North Carolina.

3.　　　James Overman is a party to this action in his official capacity as the Southeastern Area Superintendent of Wake County.

4.　　　Wake County Smart Start is a governmental entity of the State of North Carolina.

5.　　　Dr. Julie Malcolm ("**Dr. Malcolm**") is a party to this action in her official capacity as the Principal of Bryan Road Elementary School located at 8317 Bryan Road, Garner, NC 27529.

6. Brian Harewood ("**Mr. Harewood**") is a party to this action in his official capacity as the Assistant Principal of Bryan Road Elementary School located at 8317 Bryan Road, Garner, NC 27529.

## NATURE OF THIS ACTION

7. This is an action for declaratory judgment pursuant to North Carolina General Statute Article 26 § 1-253 for the purpose of determining the rights, status, and other legal relations of the parties, as well as an action for preliminary injunction relief to prevent irreparable harm to the Plaintiffs.

8. This action arises from: (1) Defendant's failure to recognize Malachi Joshua Bailey as a student with a disability notwithstanding having constructive notice of his disability status; (2) changes made by the Defendants to Malachi's education placement due to the Defendants' (a) excessive out of school suspensions and removals of Malachi without a Manifest Determination ("MDR") as required; and (b) unilateral decision to reduce Malachi Joshua Bailey's full-time enrollment and participation in the Wake County Title I Pre-Kindergarten ("**Pre-K**") program to part-time half days.

9. The Defendants' preceding actions violate the Due Process Clause of the United States Constitution, Title 34 of the Code of Federal Regulations, the North Carolina State Constitution, and the North Carolina General Statutes.

## BACKGROUND AND FACTUAL ALLEGATIONS

8. Malachi Joshua Bailey ("**Malachi**") is a four-year-old, African American student enrolled in the Wake County Title I Pre-Kindergarten ("**Pre-K**") program and assigned to Bryan Road Elementary located at 8317 Bryan Road, Garner, NC 27529.

9. Malachi's application to Wake County Smart Start was submitted on April 28, 2025.

10. Malachi was screened by Wake County Title I on May 1, 2025, to assess Malachi's strengths and needs to assist Wake County Title I with prioritization placements for the Title I Pre-K Program.

11. Malachi's parents, Joshua Richard Bailey ("**Mr. Bailey**") and Deezire Love Nicole Fields ("**Ms. Fields**") (collectively "**Malachi's Parents**"), informed the Wake County Smart Start Title I staff of their concerns with Malachi's development and behavior based on his prior experiences in private day-care programs.

12. The Wake County Title I Screener shared Malachi's Parents' contact information with the Wake County Preschool Special Education Services, and the Wake County Preschool Special Education Services Child Find team sent an email advising that the Title I Screener noted some concerns regarding Malachi's development. The Wake County Preschool Special Education Services Child Find team suggested that Malachi's Parents get a referral to their office for a developmental screening if they suspect Malachi may have a disability or developmental delays and may need special education services. A copy of the email is attached hereto as Exhibit A and incorporated herein by reference.

13. An appointment with Project Enlightenment for the additional screening and services was set to assess Malachi's development and special education needs. However, the appointment had to be rescheduled.

14. Malachi was offered a Wake County Public Schools Title I Pre-K assignment at Bryan Road Elementary for the 2025-26 school year on June 20, 2025. The offer was accepted by Malachi's Parents. A copy of the offer is attached hereto as Exhibit B and incorporated herein by reference.

15. Malachi started attending the Title I Pre-K program at Bryan Road Elementary School on a full-time basis effective September 8, 2025.

16. Immediately into the school year, Malachi began exhibiting the very behavior issues that Malachi's Parents had advised the Wake County Title I screener of during the screening process.

17. Malachi's teacher, Mrs. Tracy Ashbaugh ("Mrs. Ashbaugh"), requested a Special Education Referral on or about October 2025 after several incidents of the same pattern of behavior Malachi exhibited since the start of the school year.

18. Malachi's mother, Mrs. Fields, signed the required invitation forms to schedule the October 22, 2025, Special Education Referral meeting.

19. A special education referral meeting with Malachi's Parents and the Bryan Road administration was held on October 21, 2025, to assess and determine Malachi's eligibility for special education services. Malachi's mother attended the meeting and stated she wanted to speak with Malachi's father, Joshua Richard Bailey, before signing the consent forms for additional screening and testing of Malachi. She was advised that the consent forms were due by October 31, 2025.

20. Malachi's father, Mr. Bailey, emailed Dr. Malcolm on October 22, 2025, informing Dr. Malcolm and Ms. Ashbaugh of their concerns with the language used to describe Malachi in the Special Education Referral, specifically, statements such as Malachi lacks empathy are not a true description of Malachi and therefore requested the such statements are removed from the Special Education Referral documents before they sign the consent documents. A copy of the email is hereto attached as Exhibit C and incorporated herein by reference.

21. Dr. Malcolm did not respond to Mr. Bailey's email for more than a week, causing Malachi's Parents, through their undersigned counsel, to escalate Dr. Malcolm's non-response to James Overman, the Southeastern Area Superintendent, for assistance getting a response due to the tight deadline to sign the consent form for services. A copy of the email exchange with the Southeastern Area Superintendent's office is hereto attached as Exhibit D and incorporated herein by reference.

22. Dr. Malcolm responded to Mr. Bailey's email stating she was off campus for several days for a personal matter and unavailable for email communication. Dr. Malcolm attached a letter declining Malachi's Parents' request to modify the referral documents, asserting that no information was found to be inaccurate, misleading, or in violation of Malachi's privacy rights, as the referral documents merely reflect the teacher's observations. A copy of Dr. Malcom's email response with the letter to Malachi's Parents is attached hereto as Exhibit E and incorporated by reference.

23. Malachi's Parents responded to Dr. Malcolm's letter, advising that they vehemently disagree with Dr. Malcolm's assessment that referral documents merely included the teacher's interpretation because the teacher's statements that Malachi lacked empathy were a professional conclusion rather than an observation. Further, Malachi's parents stated in their response that pursuant to Policies Governing Services for Children with Disabilities (NC 1505.2.9 (b)), Dr. Malcolm's response was not within a reasonable period of time of its receipt because her response

4

came one week after their initial request and three (3) days before the consent letter for critical services for their son was due and only after they were compelled to escalate the matter to Area Superintendent's office due to the non-response. Therefore, the substantial delay rendered Dr. Malcolm's decision not to honor Malachi's Parents' request unreasonable and in direct contravention of the policy's requirement for a reasonable period of time. A copy of Malachi's Parents' Letter is attached hereto as Exhibit F and incorporated by reference.

24. Malachi's parents requested a follow-up referral meeting. The meeting was scheduled on December 2, 2025. The language that Malachi's Parents requested be removed from the October 22, 2025, referral documents was removed from the December 2, 2025, referral documents.

25. It was noted in the December 2, 2025, meeting notes that Malachi had been suspended 11 times as of December 2, 2025, with an additional 2 undocumented suspensions due to Dr Malcolm and staff requesting that Malachi be picked up early due to his behavior.

26. Mr. Bailey renewed his request to be contacted by phone as soon as Malachi's behavior escalates so that he or a family member can either speak with Malachi to calm him down or pick Malachi up early if he is not successfully redirected. Dr. Malcolm and her staff did not accommodate Mr. Bailey's request.

27. Ms. Fields signed the consent for evaluation services at the December 2, 2025, meeting.

28. Neither Dr Malcolm's staff nor Wake County Smart Start has initiated or completed any of the services Malachi's Parent's consented to as of December 31, 2025.

29. Frustrated and demoralized by the Defendants' failure to initiate the evaluation services as agreed to in the December 2, 2025, Referral Meeting, Malachi's Parents procured an independent educational evaluation of Malachi's needs. Malachi's Psychiatrist and Therapist will draft her initial findings, including, without limitation, her professional diagnosis of Malachi and his corresponding educational needs.

30. Malachi was suspended for at least an additional three (3) days by Dr. Julia Malcolm and Mr. Harewood since the December 2, 2025, Referral Meeting for the same behaviors he has displayed since he started attending Bryan Road Elementary School.

5

30. Dr. Malcolm contacted Malachi's father, Mr. Bailey, on January 2, 2026, one (1) business day before placement changes were to become effective, to inform him that Malachi had been moved to half days, effective January 5, 2026, and therefore, he must be picked up by 12:30 pm every day without so much as a collaborative meeting or prior written notice as required.

## FIRST CLAIM FOR RELIEF

## (Declaratory Judgment for Violation of the Individuals with Disabilities Education Act ("I.D.E.A."))

31. The preceding allegations are incorporated herein by reference.

32. This is an action for declaratory judgment pursuant to North Carolina General Statute Article 26 § 1-253 for the purpose of determining the rights, status, and other legal relations of the Plaintiffs.

33. Pursuant to 34. C.F.R. §300.534, "a child who has not been determined to be eligible for special education and related services under this part and who has engaged in behavior that violated a code of student conduct, may assert any of the protections provided for in this part if the public agency had knowledge (as determined in accordance with paragraph (b) of this section) that the child was a child with a disability before the behavior that precipitated the disciplinary action occurred. The District is deemed to have knowledge that a student was a student with a disability only if: (1) the student's Parent expressed concern in writing to a school administrator that the student needed special education or related services; (2) the student's Parent requested a special education evaluation; or (3) the student's teacher or other District personnel expressed specific concerns about a pattern of behavior demonstrated by the student to the District's special education director or to other supervisory personnel." 34. C.F.R. §300.534

34. Here, the Defendants were deemed to have constructive knowledge of Malachi's disability as outlined in 34. C.F.R. §300.534 because: (1) Malachi's Parents informed the Wake County Smart Start Title I staff of their concerns with Malachi's development and behavior based on his prior experiences in private day-care programs during the Pre-K application process; (2) the Wake County Title I screener noted concerns with Malachi's development and reached out to the Wake County Child Find team with their concerns; and (3) Malachi's Parents requested special education evaluations during the application process, before the October 22, 2025 Referral meeting and again

6

before the December 2, 2025 meeting; and (4) Mrs. Ashbaugh requested a Special Education Referral for Malachi after documenting several incidents of the same pattern of behavior Malachi had exhibited since the start of the school year. Therefore, the Plaintiffs may assert any protections provided for in Part 300 of Title 34 Code of Federal Regulations.

35. Pursuant to 34 C.F.R. § 300.116, "in determining the educational placement of a child with a disability, including a preschool child with a disability, each public agency must ensure that the placement decision is made by a group of persons, including the parents, and other persons knowledgeable about the child, the meaning of the evaluation data, and the placement options." 34 C.F.R. § 300.116.

36. Here, the Defendants excluded Malachi's parents from the decision to reduce Malachi's placement in the Pre-K Program from full days to part-time half days in violation of 34 C.F.R. § 300.116. Dr. Malcolm contacted Malachi's father, Mr. Bailey, on January 2, 2026, one (1) business day before placement changes were to become effective, to inform him that Malachi had been moved to half days, effective January 5, 2026, and he must be picked up by 12:30 pm every day without so much as a collaborative meeting or prior notice.

37. Additionally, pursuant to 34 C.F.R. § 300.536, a change of placement of a child with a disability because of disciplinary removals occurs if the child has been subjected to a series of removals that constitute a pattern because (a) the series of removals total more than 10 school days in a school year; (b) the child's behavior is substantially similar to the child's behavior in previous incidents that resulted in the series of removals; and (c) such additional factors as the length of each removal, the total amount of time the child has been removed, and the proximity of the removals to one another.

38. Here, Dr. Malcolm and Mr. Harewood suspended Malachi 11 times as of the December 2, 2025, Special Education Referral Meeting, with at least 2 additional undocumented suspensions due to calls to Malachi's Parents requesting that Malachi be picked up from school due to his behaviors. Dr. Malcolm suspended Malachi again for an additional 3 days before the winter break. All suspensions were for the exact same behavior patterns, constituting a change of placement as outlined in 34 C.F.R. § 300.536.

39. Additionally, pursuant to the Parents Rights and Responsibilities in Special Education, Notice of Procedural Safeguards (Effective July, 2016), within 10 school days of any decision to change the placement of a child with a disability because of a violation of a code of student conduct (except for a removal that is for 10 school days in a row or less and not a change of placement), the school district, parents, and other relevant members of the IEP Team (must review all relevant information in the student's file, including the child's IEP, any teacher observations, and any relevant information provided by parents to determine: (1) If the conduct in question was caused by, or had a direct and substantial relationship to, the child's disability; or (2) If the conduct in question was the direct result of the school district's failure to implement the child's IEP.

40. Here, due to Dr. Malcolm's staff delays in starting the evaluations as agreed to on December 2, 2025, a formal assessment of the services Malachi needs to be successful in school has not been completed. Yet, he continues to be suspended by Dr. Malcolm and Mr. Harewood, for behaviors he has displayed since he started attending Bryan Road Elementary without a review of whether such behaviors were a result of the school district's failure to implement an IEP for Malachi.

41. Therefore, because the Defendants had constructive notice of Malachi's disability, pursuant to 34. C.F.R. §300.534, Plaintiffs are entitled to declaratory relief by way of (1) recognition of Malachi's status as a student with a disability; (2) restoring Malachi's educational placement to full-time status; and (3) full recognition and implementation of Malachi Parent's rights under the I.D.E.A. and the North Carolina Parents Rights & Responsibilities in Special Education Policy.

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment for Violation of the North Carolina Constitution)

42. The preceding allegations are incorporated herein by reference.

43. This is an action for declaratory judgment pursuant to North Carolina General Statute Article 26 § 1-253 for the purpose of determining the rights, status, and other legal relations of the parties.

44. Pursuant to Article 1, Section 15 of the North Carolina Constitution, "the people have a right to the privilege of education, and it is the duty of the State to guard and maintain that right.

45. The North Carolina Supreme Court found in *Leandro v. State* and reaffirmed in *Hoke County Board of Education v. State* that the North Carolina Constitution guarantees "every child of this state an opportunity to receive a sound basic education in our public schools." *Leandro v. State*, 346 N.C. at 347, 488 S.E.2d 249, 255 (1997); Hoke *County Board of Education v. State*, 358 N.C. 605, 599 S.E.2d 365 (2004).

46. "A "sound basic education" is one that will provide the student with at least: (1) sufficient ability to read, write, and speak the English language and a sufficient knowledge of fundamental mathematics and physical science to enable the student to function in a complex and rapidly changing society; (2) sufficient fundamental knowledge of geography, history, and basic economic and political systems to enable the student to make informed choices with regard to issues that affect the student personally or affect the student's community, state, and nation; (3) sufficient academic and vocational skills to enable the student to successfully engage in post-secondary education or vocational training; and (4) sufficient academic and vocational skills to enable the student to compete on an equal basis with others in further formal education or gainful employment in contemporary society. Leandro v. State, 346 N.C. 336, 347, 488 S.E.2d 249, 255 (1997)

47. Upon information and belief, Defendants unilaterally reduced Malachi's educational placement under an incorrect assumption that Malachi's constitutional rights to a sound basic education do not apply because he is enrolled in a Pre-K program under Wake County Title I and therefore such Constitutional rights do not apply to the Pre-K program; and only apply to grades K-12. We disagree.

48. The Superior Court of North Carolina in *Hoke County Board of Education v. State* noted as a component of the 'Leandro tenants' that "a system of early education that provides access to high-quality pre-kindergarten and other early childhood learning opportunities to ensure that all students at-risk of educational failure, regardless of where they live in the State, enter kindergarten on track for school success." Hoke County Bd. of Educ. v. State, No. 95-CVS-1158, 2020 WL 13310241, at *3 (N.C. Super. Jan. 21, 2020) "Systemic, sustained approaches deployed by the State and the State Board of Education to increase the capacity of North Carolina's Pre-K-12 public education system are necessary to ensure every child receives the opportunity for a sound basic education." Id. at *14.

47. Pursuant to the Constitution, Plaintiffs are entitled to declaratory relief by way of: (1) recognition of Malachi status as a student with a disability: (2) restoring Malachi's educational placement to full-time status; and (3) full recognition and implementation of Malachi rights to a sound basic education as a Pre-K Title I student; and (4) full recognition and implementation of Malachi's Parents' rights under the I.D.E.A. and the North Carolina Parents Rights & Responsibilities in Special Education Policy.

### THIRD CLAIM FOR RELIEF
### (Declaratory Judgment for Violation of Due Process Rights)

48. The preceding allegations are incorporated herein by reference.

49. This is an action for declaratory judgment pursuant to North Carolina General Statute Article 26 § 1-253 for the purpose of determining the rights, status, and other legal relations of the parties.

50. Pursuant to Article 1, Section 15 of the North Carolina Constitution, "the people have a right to the privilege of education, and it is the duty of the State to guard and maintain that right.

51. Pursuant to the Due Process Clause of the 5th Amendment of the United States Constitution, as applied to the States by the 14th Amendment, it provides that no state shall deprive any person of life, liberty, or property, without due process of law.

52. Additionally, pursuant to Article I, Section 23 of the North Carolina Constitution, "No person shall be deprived of life, liberty, or property, but by the law of the land.

53. Here, Malachi's Parents applied for Pre-K services due to their concerns with Malachi's development. Upon review and screening of Malachi, Wake County Smart Start Title I offered Malachi a full-time education placement in their Title I Pre-K program. Additionally, the Wake County Title I program is a state-officially offered program, adjudicated by state actors. Therefore, the Plaintiffs' due process interests attached upon: (1) application for services, (2) Wake County Title I's offering of Title I full-time services, and (3) acceptance of the Title I full-time services.

54. Upon Information and belief, as Defendants had constructive notice of Malachi's disability pursuant to 34. C.F.R. §300.534 for the reasons outlined in Section 34 herein. Therefore, Plaintiffs reassert their right to protection under the IDEA.

55. Pursuant to 34. C.F.R §300.503, "Written notice that meets the requirements of paragraph (b) of this section must be given to the parents of a child with a disability a reasonable time before the public agency (1) Proposes to initiate or change the identification, evaluation, or educational placement of the child or the provision of FAPE to the child; or (2) Refuses to initiate or change the identification, evaluation, or educational placement of the child or the provision of FAPE to the child." 34 C.F.R. § 300.503(a).

56. "The notice required under paragraph (a) 34. C.F.R §300.503 of must include— (1) A description of the action proposed or refused by the agency; (2) An explanation of why the agency proposes or refuses to take the action; (3) A description of each evaluation procedure, assessment, record, or report the agency used as a basis for the proposed or refused action; (4) A statement that the parents of a child with a disability have protection under the procedural safeguards of this part and, if this notice is not an initial referral for evaluation, the means by which a copy of a description of the procedural safeguards can be obtained; (5) Sources for parents to contact to obtain assistance in understanding the provisions of this part; (6) A description of other options that the IEP Team considered and the reasons why those options were rejected; and (7) A description of other factors that are relevant to the agency's proposal or refusal." 34 C.F.R. § 300.503(b).

57. The Defendants did not provide the Plaintiffs with <u>any</u> prior written notice before, not proposing, but implementing changes to Malachi's educational placement in the Title I Pre-K program. Dr. Malcolm contacted Malachi's father, Joshua Richard Bailey, on January 2, 2026, to inform him that Malachi had been moved to half days, effective January 5, 2026, and he must be picked up by 12:30 pm every day without so much as a collaborative meeting or prior written notice.

58. Pursuant to the Constitution and the I.D.E.A., Plaintiffs are entitled declaratory relief by way of (1) recognition of Malachi status as a student with a disability: (2) restoring Malachi's educational placement to full-time status; and (3) full recognition of Malachi Parent's rights under the I.D.E.A. and the NC Policy of Parents Rights & Responsibilities in Special Education..

## FOURTH CLAIM FOR RELIEF
### (Preliminary Injunction)

59. The preceding allegations are incorporated herein by reference.

60. Plaintiffs have properly brought the issue of the legality of Defendants' actions before this Court.

61. Plaintiffs have a substantial likelihood of success on the merits of their claims for declaratory relief.

62. Plaintiffs will suffer serious and irreparable harm to their rights under the I.D.E.A., unless Defendants are enjoined from: (1) failing to recognize Malachi as a student with a disability; (2) continuing and implementing the changes to Malachi's educational placement in the Smart Start Title I Pre-K program to part-time half days; (3) failing to recognize and implement Malachi Parent's rights under the Parents Rights & Responsibilities in Special Education.

63. Plaintiffs will suffer serious and irreparable harm to their Constitutional rights under Article I, Declaration of Rights, Section 15 Education of the North Carolina Constitution, unless Defendants are enjoined from: (1) failing to recognize Malachi as a student with a disability; (2) continuing and implementing the changes to Malachi's educational placement in the Smart Start Title I Pre-K program to part-time half days; and (3) failing to recognize and implement Malachi's rights to a sound basic education as a Pre-K Title I student with a disability; and (4) failing to recognize and implement Malachi's Parent's rights under the NC Policy for Parents Rights & Responsibilities in Special Education..

64. Plaintiffs will suffer serious and irreparable harm to their due process rights under the 14th Amendment of the United States Constitution, Article 1, Section 15 of the North Carolina Constitution, and under 34. C.F.R §300.503, unless Defendants are enjoined from (1) failing to recognize Malachi as a student with a disability; (2) continuing and implementing the changes to Malachi's educational placement in the Smart Start Title I Pre-K program to part-time half days; and (3) failing to recognize and implement Malachi Parent's rights under the Parents Rights & Responsibilities in Special Education.

**WHEREFORE**, Plaintiffs respectfully request that the Court:

1) Enter a preliminary injunction enjoining the Defendants' from 1) failing to recognize Malachi as a student with a disability; (2) continuing and implementing the changes to Malachi's educational placement in the Smart Start Title I Pre-K program to part-time half days; (3) failing to recognize and implement Malachi's Parent's rights under the NC Policy

for Parents Rights & Responsibilities in Special Education; and (4) failing to recognize and implement Malachi's rights to a sound basic education as a Pre-K Title I student with a disability; and

2) Grant a declaratory judgment in favor of Plaintiffs arising from the Defendants' violations of the IDEA, the United States Constitution, and the North Carolina Constitution; and

3) That the matter be tried to a jury to the fullest extent possible; and

4) That the costs of this action be taxed by the Defendants; and

5) For such other and further relief as the Court shall deem just and proper.

This 5th day of January 2026.

Lakina Bailey

Attorney for the Plaintiffs

*Lakina Bailey*

N.C. State Bar ID 58853

207 Pecan Harvest Dr. Garner, NC 27529

Phone: (919) 42304155

Email: lakinabailey.attorneyatlaw@gmail.com

<u>**Exhibit A**</u>

<u>**Email from Wake County Public School Special Education Services Child Find Team**</u>

From: child-find-office _ Staff - SpecialEducationSvcs <child-find-office@wcpss.net>
Subject: WCPSS Preschool Information
Date: May 5, 2025 at 2:37:15 PM EDT
To: "lakinabailey@gmail.com" <lakinabailey@gmail.com>

Good Afternoon,
We are writing as a follow up to the voicemail our office left this afternoon. You recently brought Malachi for a screening as part of the Wake Pre-K application process. Your contact information was shared with us by the screener who worked with your child. During screening, the screener noted some concerns regarding your child's development. We called to speak with you about those concerns and share information about who we are and how we might help.
The Child Find Office assists families with making referrals for preschool special education services. Preschool Special Education Services provides services for preschoolers with disabilities or developmental delays that impact the child's ability to participate in the regular education environment. There is a process for determining eligibility for these services. If eligible, our services are at no cost to the family. Services range from speech/language therapy to full-day special education classrooms depending upon the needs of the child as determined during the evaluation and Individualized Education Program (IEP) process.
If you are concerned that your child has a disability or developmental delays and may need special education services, please see below for information on making a referral. Please note, making a referral to our office does not impact your child's Title I application process.

If you have concerns about your child's development, but you would rather start with a developmental screening or parent education services, you can contact Project Enlightenment at **(919) 694-8993**. If your child receives a screening and Project staff suspects your child may have a disability, Project will submit a referral that includes the

14

Case 5:26-cv-00015-D   Document 1-5   Filed 01/13/26   Page 14 of 20

# Exhibit B

# Wake County Smart Start Title Offer

**From:** Title1PreK _ Staff - Title1 pktitlei@wcpss.net
**Subject:** Title I Pre-K Assignment
**Date:** June 20, 2025 at 11:51 AM
**To:** lakinabailey@gmail.com



Congratulations! Your child **Malachi Bailey** is being offered a Wake County Public Schools Title I Pre-K assignment at **Bryan Road Elementary** for the 2025-2026 school year. Click here to **ACCEPT** or **DECLINE** *within 5 days* or the offer will be automatically declined. Once your acceptance is confirmed, more details will be sent within 48 hours regarding next steps. Please contact us at ***pktitlei@wcpssnc.net*** if you have any questions.

Felicitaciones! A su hijo(a) **Malachi Bailey** se le ofrece una **Bryan Road Elementary** de Título I Pre-K de las Escuelas Públicas del Condado de Wake en para el año escolar 2025-2026. Haga clic aquí para **ACEPTAR** o **RECHAZAR** en un plazo de 5 días o la oferta se rechazará automáticamente. Una vez que se confirme su aceptación, se enviarán más detalles dentro de las 48 horas con respecto a los próximos pasos. Póngase en contacto con nosotros en ***pktitlei@wcpssnc.net*** si tiene alguna pregunta.

# Exhibit C

# Email from Mr. Bailey to Dr. Malcolm

**From:** ExtraTRR joshuarichardbailey04@gmail.com
**Subject:** Referral document follow up
**Date:** October 22, 2025 at 11:56 AM
**To:** jmalcolm@wcpss.net, tlashbaugh@wcpss.net, lakinabailey@gmail.com, jlwbailey@gmail.com, deeziref@gmail.com



Hi Dr. Malcom, and Ms. Ashbaugh,

Malachi's mom and I discussed the special education referral documents from yesterday's meeting. We have several concerns with the language that was used to describe Malachi. Statements such as lack of empathy are not true and form a description of Malachi that is very concerning to us. We want the statement removed before we consent to the referral document..

Also, we'd like to have another meeting with the appropriate administrators to discuss Malachi . Please let us know what time works for you.

Thanks,
Josh Bailey

# Exhibit D

# Email and Correspondence from James Overman



# Exhibit E

# Response from Dr. Malcolm

6:51

remove encryption.



Good morning,

I have been off campus for several days for a personal matter and was unavailable for email communication. My apologies for my delayed response.

I have consulted with our special education department to appropriately respond to your request. Please see the attached letter.

We are happy to meet with or host a phone conference with you as Malachi's parents to answer any questions you may have about the consent for testing as well as the evaluation process. As a reminder, if the signed consent is not returned by Friday, October 31st the referral process will be closed.

Thank you.
Dr. Malcolm

**From:** ExtraTRR <joshuarichardbailey04@gmail.com>
**Sent:** Wednesday, October 22, 2025 11:56 AM
**To:** Julie Malcolm _ Staff - BryanRdES <jmalcolm@wcpss.net>; Tracey Ashbaugh _ Staff - BryanRdES <tlashbaugh@wcpss.net>; lakinabailey@gmail.com <lakinabailey@gmail.com>; jlwbailey@gmail.com <jlwbailey@gmail.com>; deeziref@gmail.com <deeziref@gmail.com>
**Subject:** Referral document follow up

You don't often get email from joshuarichardbailey04@gmail.com. Learn why this is important



# Exhibit F

# Malachi's Parents Response to Dr. Malcolm's Letter

Docusign Envelope ID: 5B232299-64C8-45F1-975C-9039849078F9

October 31, 2025

Dr. Julia Malcolm
Principal
Bryan Road Elementary
8317 Bryan Rd, Garner, NC 27529

Dear Dr. Malcolm,

We received your letter dated October 28, 2025, regarding your decision not to honor our request to amend the Referral and Meeting Minutes from the Referral meeting held on October 21, 2025. We have reviewed your response explaining this decision.

Upon review, we respectfully disagree with your interpretation of the referenced Wake County Public School Policies. Therefore, we intend to exercise our right to appeal this decision for the following reasons:

Your letter states that you disagree with our requested amendment, asserting that no information was found to be inaccurate, misleading, or in violation of our son's privacy rights, as the Referral documents merely reflect the teacher's observations. We vehemently disagree with this interpretation. While the Referral documents include the teacher's interpretations, they fail to acknowledge that the teacher lacks the educational qualifications or certification to draw professional conclusions, such as interpreting our son's responses to her prompts as a lack of empathy. Such conclusions are professional assessments typically offered by individuals with specific educational backgrounds, certifications, and experience in relevant fields. Therefore, the record is misleading and inaccurate because Ms. Ashbaugh's statements transition from observation into professional conclusions for which she is not qualified.

Furthermore, Policies Governing Services for Children with Disabilities (NC 1505.2.9(b)) mandates that the Local Education Agency ("LEA") must decide whether to amend information in accordance with a request within a reasonable period of time of its receipt. In this instance, your decision not to amend the Referral document was communicated to us, Malachi's parents, via your letter dated October 28, 2025. This response came a full week after our initial email request on October 22, 2025, and only after we were compelled to escalate the matter to the Southeastern Area Superintendent's office due to your prior non-response. Such a substantial delay renders your decision not to honor our request unreasonable and in direct contravention of the policy's requirement for a "reasonable period of time." Additionally, your letter was delivered only three (3) days before the consent letter for critical services for our son was due. This timeframe was further reduced to effectively two days, given Malachi's suspension became effective on October 31, 2025, the very day the consent letter was due. This severely limited our ability to coordinate the additional meetings we had requested on October 22 and October 27.

Therefore, for the foregoing reasons, we formally exercise our right to appeal this decision. We further demand that this letter be included in our son's educational file, serving as a formal comment on the contested information and documenting our disagreement with the decision not to remove or amend the challenged items.

Lakina S. Bailey, being first duly sworn according to law; deposes and states:

She is the attorney for the Malachi Joshua Bailey, Joshua Richard Bailey, and Deezire Love Nicole Fields in the foregoing action; that, as such, she is authorized to make this Verification that she has read the Complaint for Declaratory and Injunctive Relief; and knows the contents thereof; that the same is true of her own personal knowledge except as to the matter and things therein stated "upon information and belief"; and that as to those matters and things, she believes them to be true.

This __ day of January 2026.

_____
AFFIANT

STATE OF NC  COUNTY OF WAKE

Subscribed to and sworn before me this
4th day of January 2026.

_____
Notary Public
My Commission expires: 07 Jan 2029

RONDA A. RUDD
Notary Public, North Carolina
Wake County
My Commission Expires
01/07/20__

Cisco Confidential